UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-75-FDW
(3:04-cr-130-FDW-DSC-1)

| | |
|---|---|
| JAMIEO SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending is a Letter that was docketed as a Motion in the criminal case. (3:14-cr-130 ("CR") Doc. No. 174).

**I.     BACKGROUND**

Petitioner was originally sentenced on June 14, 2005 to three years of probation after pleading guilty to receiving, concealing, and retaining stolen government property and aiding and abetting, in violation of 18 U.S.C. §§ 614 and 2. (CR Doc. No. 68). While Petitioner was still serving a term of probation, he pleaded guilty to state charges of second-degree murder and he also tested positive for marijuana use. See (CR Doc. No. 155 at 4-5). On September 1, 2015, Petitioner was arrested for violating the terms of his probation. (CR: Docket Entry dated September 1, 2015). Petitioner subsequently admitted his guilt of violating probation by committing a new law violation (the second-degree murder), and drug use. (CR. Doc. 155 at 4-5). Petitioner faced an advisory guidelines sentence of 24 to 30 months' imprisonment and the Government sought an upward departure sentence. (CR at 8).

On November 12, 2015, the Court revoked Petitioner's probation and sentenced him to 48

1

months of imprisonment followed by three years of supervised release. (CR Doc. No. 147). The Fourth Circuit Court of Appeals affirmed. United States v. Simpson, 651 F. App'x 197, 198-99 (4th Cir. 2016).

Petitioner filed a § 2255 Motion to Vacate on December 20, 2016, Case No. 3:16-cv-873, in which he argued that: (1) the sentence exceeded the statutory maximum; and (2) that the Government violated the Tenth Amendment by seeking an upward departure sentence. The Court denied the first claim and dismissed the second as frivolous. Simpson v. United States, 2017 WL 395214 (W.D.N.C. Jan. 27, 2017). Petitioner did not appeal.

On January 9, 2020, an arrest warrant was issued for Petitioner's violation of the following conditions of supervised release: (1) drug/alcohol use on May 2, 2019 by testing positive for marijuana for which Petitioner signed an Admission of Use statement acknowledging that he had used marijuana on or about April 20 and 21, 2019, a Grade C violation; (2) failure to comply with drug testing/treatment requirements on February 20, 2019 by failing to report for code-a-phone urinalysis testing, a Grade C violation; (3) drug/alcohol use on November 7, 2019 by testing positive for methamphetamine for which Petitioner signed a written statement acknowledging that he had taken Adderall pills not prescribed to him, a Grade C violation; (4) failure to comply with drug testing/treatment requirements on November 26, 2019 and December 17, 2019 by failing to report for code-a-phone urinalysis testing, a Grade C violation; and (5) new law violation on November 6, 2019 by committing the offense of possession with intent to distribute 15.6 grams of marijuana for which he was arrested by the Charlotte Mecklenburg Police Department which, if charged federally for this conduct, would violate 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), a Grade A violation. (CR Doc. No. 163). Petitioner admitted his guilt of all five violations and, in a Judgment entered on March 9, 2020, the Court revoked supervised release and sentenced him to

24 months' imprisonment and no additional term of supervised release. (CR Doc. 172).

Petitioner filed a Letter in the criminal case dated December 7, 2020, stating that he has been incarcerated at Bureau of Prisons transfer centers in Atlanta and Oklahoma due to COVID-19 quarantine but expects to be moved to his designated facility. (CR Doc. No. 174). He further states that he seeks to submit petitions pursuant to 28 U.S.C. §§ 2241 for sentence reduction and 2255 for ineffective assistance of counsel. He asserts that the limited time that is permitted outside the cell is not sufficient for legal research. He requests: "(1) Extension on my Appeal time frame, by waiving the 1 year time barred; (2) Contact information to my Attorney (Brandon Roseman), phone number, email, office address; (3) And the '*pro se*' format/rules for the (A) 2255 and (B) 2241." (CR Doc. 174 at 2).

Petitioner filed the instant § 2255 Motion to Vacate on February 8, 2021.[1] He argues: (1) the revocation sentence is excessive; and (2) counsel failed to provide him with effective assistance at the revocation proceeding. As relief, he seeks a sentence reduction to no more than 14 months' imprisonment, the maximum sentence for a Grade C violation.

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Rules Governing Section 2255 Proceedings provide that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

3

Case 3:04-cr-00130-FDW-DSC   Document 177   Filed 02/19/21   Page 3 of 9

. . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. Rule 4(b), 28 U.S.C. foll. § 2255. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law and that no evidentiary hearing is warranted. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court further finds that no response from the Government is required.

### III. DISCUSSION

As a preliminary matter, the Court notes that, in the pending § 2255 Motion to Vacate, Petitioner is challenging a new intervening judgment and not his original judgment of conviction. Therefore, the instant § 2255 Motion to Vacate is not considered a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b) and no authorization from the Fourth Circuit was required before Petitioner initiated this action. See In re Gray, 850 F.3d 139, 142-3 (4th Cir. 2017) ("[W]hen a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b).").

The instant § 2255 Motion to Vacate is timely, having been filed less than a year after Petitioner's revocation Judgment became final. Therefore, the Letter that Petitioner filed in the criminal case, in which he appear to request an extension of the § 2255 one-year statute of limitations, will be denied as moot.[2]

The Petitioner has presented two grounds for relief, both of which are meritless. First,

---

[2] It is unclear whether Petitioner also seeks an extension of time to file a § 2241 petition. The Court lacks jurisdiction to entertain any such request because no § 2241 petition is pending before the Court, and therefore, no case or controversy regarding § 2241 exists at his time. See, e.g., Ramirez v. United States, 461 F.Supp.2d 439, 440–41 (E.D.Va. 2006) (a district court "lack[s] jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the United States Constitution."). Further, the conditions of which Petitioner complains in federal transfer centers are also moot because Petitioner is now located at the Cumberland Federal Correctional Institution. The Clerk will, however, be instructed to mail Petitioner a copy of a blank § 2241 form as a courtesy. As Petitioner is requesting contact information for counsel in his criminal case, he will also be provided with a copy of the criminal docket sheet.

4

Petitioner argues that his 24-month sentence for violating supervised release is excessive because he was sentenced for a Grade A violation, whereas the state charges on which that violation was based were subsequently dismissed by the Mecklenburg County prosecutor on October 5, 2020. He argues that the only remaining violations are Grade C violations which are punishable by a maximum of 14 months' imprisonment. He asks the Court to reduce his sentence accordingly.[3]

Pursuant to 18 U.S.C. § 3583(d), a mandatory condition of supervised release is that the defendant not commit another federal, state, or local crime during the term of supervision. "A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." U.S.S.G. § 7B1.1, app. note 1. The grade of the violation is based on the defendant's "actual conduct." Id. To revoke supervised release, a court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3).

Petitioner appears to argue that his Grade A sentence based on his violation of Condition (5) is invalid because the Mecklenburg County charge of possession with intent to distribute marijuana was subsequently dropped. This claim is meritless because Petitioner admitted his guilt of violating Condition (5), and therefore, his "actual conduct" would constitute a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and violates the required conditions of supervised release by a preponderance of the evidence. No criminal charge or conviction was required to support the revocation of supervised release based on his violation of that condition. Petitioner's contention that the related Mecklenburg County charges were later dropped is therefore irrelevant to his admitted Grade A violation of supervised release in Condition (5). Accordingly, this claim will be denied on the merits.

---

[3] Petitioner did not raise this claim on an appeal of the revocation Judgment, however, the Court declines to address procedural default *sua sponte*.

Second, Petitioner appears to argue that revocation counsel was ineffective for failing to advise Petitioner not to plead guilty to violating Condition (5) in light of the later dismissal of the Mecklenburg County charges.

The Supreme Court has recognized that revocation proceedings are not part of a criminal prosecution and, therefore, do not afford a defendant "the full panoply of rights" that a defendant would have at trial. Morrisey v. Brewster, 408 U.S. 471, 480 (1972) (addressing parole violations). This stems from the fact that "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observation of special parole restrictions." Id. The Fourth Circuit has held "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt." United States v. Ward, 770 F.3d 1090, 1099 (4th Cir. 2014).

The right to counsel during revocation proceedings is statutory in nature. See 18 U.S.C. § 3006A(a)(1)(C) & (E). However, there is no *constitutional* right to counsel at most revocation proceedings. See Gagnon v. Scarpelli, 411 U.S. 778, 787-91 (1973) (participation by counsel would be "both undesirable and constitutionally unnecessary in most revocation hearings;" recognizing that only under limited circumstances, such as where there is complex documentary evidence, does due process require the appointment of counsel during such proceedings); see also Wheeler v. United States, 2018 WL 3349711, at *3–4 (W.D.N.C. July 9, 2018) (denying Section 2255 claim of ineffective assistance of counsel because petitioner failed to show that he had a constitutional right to counsel during the revocation proceedings); Wright v. United States, 2014 WL 4105696 (E.D.N.C. Aug. 19, 2014) (same); United States v. Allgood, 48 F. Supp. 2d 554, 559-60 (E.D. Va. 1999) (same).

Here, Petitioner's alleged violations of supervised release were fact-based and did not involve complex scenarios. Petitioner has failed to demonstrate that he had a Sixth Amendment right to counsel at the revocation proceedings. Without a constitutional right to counsel, he cannot show that he was unconstitutionally deprived of the right to effective assistance of counsel and his ineffective assistance claim therefore fails. See Wheeler, 2018 WL 3349711; Allgood, 48 F. Supp. 2d at 559-60; Wright, 2014 WL 4105696.

Even if Petitioner could establish that he had a constitutional right to counsel during his revocation proceedings, his claim of ineffective assistance would still be denied. To prevail on a Section 2255 claim of ineffective assistance of counsel, a petitioner has the burden of establishing both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. If a petitioner fails to meet the burden under either prong, the claim of ineffective assistance fails. Strickland, 466 U.S. at 697.

Construing the § 2255 Motion to Vacate liberally, Petitioner appears to argue that counsel should not have allowed him to plead guilty to violating the conditions of supervised release insofar as those violations were based on later-dismissed Mecklenburg County charges. As previously discussed, however, the dismissal of any criminal charges did not invalidate his violations of supervised release in any way. Accordingly, even if Petitioner were entitled to the effective assistance of counsel at the revocation proceedings his ineffective assistance claim would

7

nevertheless be denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied and the Letter filed in the criminal case seeking an extension of time to file the instant § 2255 Motion to Vacate is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Petitioner's Letter, (CR Doc. No. 174), is construed as a Motion for Extension of Time and is denied as moot.

3. The Clerk is instructed to mail Petitioner a copy of a blank § 2241 form and a copy of the criminal docket sheet.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5. The Clerk is instructed to close this case.

Signed: February 18, 2021

_____
Frank D. Whitney
United States District Judge

9